IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 4 2008

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

PETER F. LANGE and CINDY LANGE                              PLAINTIFFS

v.                                   NO. 1:08MO058 JLH

VERONA MARBLE COMPANY, INC.;
BRAXTON-BRAGG COMPANY, LLC;
and ABACO MACHINES USA, INC.                               DEFENDANTS

This case assigned to District Judge _Holmes_
NOTICE OF REMOVAL and to Magistrate Judge _Deere_

Comes separate defendant, Braxton-Bragg Company, LLC, and for
its notice of removal from the Circuit Court of Fulton County,
Arkansas, to the United States District Court, Eastern District of
Arkansas, Northern Division, states:

1.

Defendant, Braxton-Bragg Company, LLC, is a Tennessee limited
liability company.  Plaintiffs, Peter F. Lange and Cindy Lange, are
residents of Fulton County, Arkansas.  Separate defendants, Verona
Marble Company, Inc. and Abaco Machines USA, Inc., are corporations
organized under the laws of states other than Arkansas.

2.

Complete diversity of citizenship exists between plaintiffs
and defendants.  The amount in controversy exceeds the sum of
Seventy-Five Thousand and 00/100 Dollars ($75,000.00) exclusive of

interest and costs.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).  Venue is also proper.

### 3.

Removal is sought pursuant to 28 U.S.C. § 1446(a).  This action was originally filed in the Circuit Court of Fulton County, Arkansas, and docketed as CV-2008-85-4.  The amended complaint seeks a recovery of damages for personal injury arising from the use of a device for lifting granite slabs which is alleged to be defective.  A copy of the amended complaint is attached hereto as Exhibit "A."  A copy of the answer to amended complaint filed on behalf of Braxton-Bragg Company, LLC is attached hereto as Exhibit "B."  All other pleadings on file with the Circuit Clerk of Fulton County are attached, collectively, as Exhibit "C."

### 4.

This notice of removal has been given within thirty days of the receipt of the summons and amended complaint as required by 28 U.S.C. § 1446(a).  The attached amended complaint is the initial pleading setting forth the plaintiffs' claim for relief against Braxton-Bragg Company, LLC.

### 5.

A true and correct copy of this notice of removal will be filed promptly with the clerk of the Circuit Court of Fulton County, Arkansas, pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of this notice of removal has been provided to

2

opposing counsel as evidenced by the certificate of service which appears below.

SCOTT D. PROVENCHER
Bar No. 96148
Attorney for Braxton-Bragg
   Company, LLC
Anderson, Murphy & Hopkins, LLP
400 West Capitol Avenue, Suite 2470
Little Rock, Arkansas 72201
(501) 372-1887
provencher@amhfirm.net

## CERTIFICATE OF SERVICE

A copy of the foregoing notice of removal has been mailed to **Mr. H. David Blair**, Blair & Stroud, 500 East Main, Suite 201, Post Office Box 2135, Batesville, Arkansas 72503, **Ms. Amy C. Markham**, Law Offices of Scott C. Campbell, The Travelers Indemnity Company, Office of Staff Counsel, 10810 Executive Center Drive, Suite 215, Little Rock, Arkansas 72211, and **Mr. Richard A. Lusby**, Womack, Landis, Phelps, McNeill & McDaniel, 301 West Washington Avenue, 2nd Floor, Post Office Box 3077, Jonesboro, Arkansas 72401-3077, on this __14__ day of November, 2008.

SCOTT D. PROVENCHER

## IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
## CIVIL DIVISION

PLAINTIFFS   :   PETER F. LANGE AND CINDY LANGE

VS.                              Docket No. CV-2008-85-4

DEFENDANTS :   VERONA MARBLE COMPANY, INC.; BRAXTON-BRAGG
                COMPANY, LLC; AND ABACO MACHINES USA, INC.


### S U M M O N S

ATTORNEY FOR PLAINTIFF:  H. David Blair
                          Attorney at Law
                          P. O. Box 2135
                          Batesville, Arkansas 72503
                          (870) 793-8350


## THE STATE OF ARKANSAS TO DEFENDANT: **BRAXTON-BRAGG COMPANY, LLC (Agent for Service: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203)**

## N O T I C E

1.  You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Amended Complaint.

2.  The attached Amended Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the Amended Complaint unless you file a pleading and thereafter appear and present your defense.  Your pleading or answer must meet the following requirements:

    A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

    B.  It must be filed in the court clerk's office within **30 days** from the day you were served with this summons.

3.  If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4.  Additional notices:

WITNESS my hand and seal of the court this _8th_ day of October, 2008.

Vickie Bishop
Circuit Clerk of Fulton County
P. O. Box 219
Salem, Arkansas 72576

By: _Vickie Bishop_

**EXHIBIT**

tabbies

_A_

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND )
CINDY LANGE )
) *1 : 08CV0058*
Plaintiffs )
)
VS. )    NO. CV-2008-85-4_____
)
VERONA MARBLE COMPANY, INC.; )
BRAXTON-BRAGG COMPANY, LLC; )    FILED
AND ABACO MACHINES USA, INC., )    Office of the
)    Circuit Clerk
Defendants )
OCT 0 8 2008

Fulton County
ARKANSAS

## AMENDED COMPLAINT

Come Peter F. Lange and Cindy Lange, Plaintiffs herein, and for their

claims against Verona Marble Company, Inc. (hereinafter referred to as "Verona"),

Braxton-Bragg Company, LLC (hereinafter referred to as "Braxton"), and Abaco

Machines USA, Inc. (hereinafter referred to as "Abaco"), Defendants herein, state:

1. Plaintiffs were, at the time of the occurrence described herein,

residents of Fulton County, Arkansas. Plaintiffs' claims arise out of personal injuries

sustained by Plaintiff Peter F. Lange in an occurrence within the State of Arkansas.

Venue of this action is conferred by Ark. Code Ann. § 16-55-213(a)(3)(A).

2. Defendant Verona is a foreign corporation qualified to do, and is doing,

business in the State of Arkansas and is subject to the personal jurisdiction of this

court.

3. Defendant Braxton is the successor to the liabilities of Braxton-Bragg

Corporation by reason of Articles of Merger dated January 29, 2008, filed of record on

January 31, 2008, with the Secretary of State of the State of Tennessee. By reason of

such merger, Defendant Braxton is liable for all acts and omissions of Braxton-Bragg Corporation, all of which are hereinafter alleged as acts and omissions of Defendant Braxton.

4.  Braxton and Abaco are a foreign limited liability company and a corporation, respectively, who have caused tortious injury within the State of Arkansas by reason of products supplied for use and consumption within the State of Arkansas, both of which are subject to the personal jurisdiction of this court by reason of the claims of Plaintiffs herein.

5.  Defendant Verona is engaged in the business of machining, finishing and selling marble products for use within residential and commercial building construction. Defendant Verona delivers the products which it sells to its customers by trucks which are operated by employees of Defendant Verona. The truck driver herein identified as Omar was, at the time of the occurrence described herein, an employee of Defendant Verona acting within the scope of his employment, for whose negligence Defendant Verona is liable.

6.  Defendant Braxton is engaged in the business of selling, distributing or otherwise supplying various tools and appliances for use in the stone building materials including material-handling products manufactured, sold or otherwise distributed by Defendant Abaco. The lifting device was sold and shipped by Defendant Braxton to Plaintiff Peter F. Lange d/b/a Lange Marble & Granite at its place of business in Mountain Home, Arkansas, which device was purchased by Peter F. Lange for use in a granite retail business which was a venture involving Peter F. Lange and CBERG Construction LLC. (hereinafter referred to as "CBERG").

2

7. Defendant Abaco is engaged in the business of manufacturing, selling or otherwise distributing various material-handling products including the lifting device hereinafter described.

8. On the 23rd day of May, 2007, Defendant Verona delivered to CBERG's place of business at 1541 Highway 201 in Mountain Home, Arkansas, a load of finished granite slabs which were transported by Defendant Verona by means of a truck and trailer. The truck and trailer were operated by an employee of Defendant Verona known to Plaintiff Peter F. Lange as Omar. Upon arrival at the CBERG place of business, the process of unloading the slabs was commenced, which process involved the use of a forklift by means of which the slabs were lifted from Verona's trailer and transferred to a rack where they were to be stored. Affixed to the forklift was a device known as an Abaco heavy-duty lifter which is a clamp-type device designed and configurated so that the weight of the object being lifted is transferred to the jaws of the clamp thereby providing gripping pressure whereby the granite slabs may be lifted.

9. During the unloading process, above described, Verona's employee, Omar, was on the bed of the trailer affixing the lifting device to the individual granite slabs. During the time of the placement and positioning of the lifting device on the slabs, the lifting device was within the exclusive control of Verona's employee, Omar.

10. At the time of the process described herein, four or five of the granite slabs were successfully moved from the trailer and placed in the rack by the forklift operator. When the fifth or sixth slab was being moved into a position to be lowered into the rack, it slipped from the clamp, which Omar had affixed to and positioned upon the slab, and fell a distance of several feet into the rack. The resultant impact caused the previously unloaded granite slabs, which were resting against one side of the rack

3

at an angle, to topple over in the direction opposite that which they were leaning. At this time, Plaintiff was standing near the rack and, in an attempt to prevent damage to the granite slabs, attempted to stop their movement but was unable to do so, as a consequence of which the slabs fell on his right foot causing multiple open fractures of bones in his foot and related injury to tissues of the foot.

11. As a direct result of the occurrence described herein, Plaintiff Peter F. Lange has sustained painful, permanent, and disabling injury to his right foot. As a consequence of these injuries, he has necessarily required hospital, surgical and other medical services. As a direct result of this occurrence, Plaintiff Peter F. Lange has sustained the following elements of damage, all of which were proximately caused by the fault of Defendants as hereinafter described:

(a) Past and future pain, suffering and mental anguish;

(b) Past and future hospital, surgical and other medical expenses;

(c) Loss of earnings in the past;

(d) Loss or impairment of future earning capacity;

(e) Permanent injury and disability;

(f) Scars and other visible results of his injury.

12. Plaintiff has, by reason of the occurrence herein described, sustained damages in excess of the minimum amount required for diversity of citizenship suits in United States District Courts.

13. Plaintiff Cindy Lange is, and was at all times mentioned herein, the wife of Plaintiff Peter F. Lange. By reason of the injuries sustained by her husband, she

4

has in the past and will in the future be deprived of the loss of his society, companionship and consortium and has, as a consequence thereof, sustained damages in excess of the minimum amount required for jurisdiction of United States District Courts in diversity of citizenship cases.

## COUNT I

14 Plaintiffs incorporate herein as a part of Count I, by reference thereto, the foregoing allegations of paragraphs 1 through 13.

15. The occurrence described herein and all damages sustained by Plaintiffs were proximately caused by the negligence of Defendant Verona, which negligence consists of, but is not limited to, the following acts and omissions:

(a) Failure to properly position the Abaco lifting device upon the granite slab being unloaded;

(b) Failure to affix the lifting device in the proper position and manner upon the granite slab so as to enable it to be safely lifted and handled;

(c) Failure to ascertain that the lifting device was properly positioned and affixed to the granite slab before giving instructions or signals to the forklift operator to commence the transfer process.

16. The occurrence described herein and injuries sustained by Peter F. Lange, and the damages sustained by Plaintiffs, were caused by the failure of the Abaco lifting device to maintain sufficient pressure on the granite slap to prevent it from slipping from the clamp. At all times when the Abaco lifting device was being positioned, and affixed to the granite slab, it was under the exclusive control of

5

Defendant Verona. In the ordinary course of events, the granite slab would not have escaped from the lifting device had it been properly positioned and affixed thereto. Therefore, pursuant to the doctrine of *res ipsa loquitur*, negligence on the part of Verona may be inferred from the failure of the clamp to retain the granite slab.

### COUNT II

17. Plaintiffs incorporate herein as a part of Count II, by reference thereto, the foregoing allegations of paragraphs 1 through 13.

18. The allegations of Count II are stated in the alternative to allegations of Count I.

19. The Abaco lifting device was manufactured by Defendant Abaco and was sold and distributed or otherwise supplied by Defendants Braxton and Abaco, all of which was done in the regular course of their business. At the time of the occurrence described herein, the Abaco lifting device was in the same condition as when manufactured, sold or otherwise distributed by Defendants Braxton and Abaco.

20. The Abaco lifting device was so designed that, if properly constructed and assembled, it would provide sufficient pressure upon the granite slab, to which it was affixed at the time of this occurrence, to retain the granite slab during the moving process. The failure of the Abaco lifting device to perform as designed and intended gives rise to an inference of a defect in its manufacture or assembly, which defect rendered it unreasonably dangerous to those affected by its use.

21. The occurrence described herein and the injuries to Plaintiff Peter F. Lange and the consequent damages of Plaintiffs were proximately caused by the defective condition of the Abaco lifting device which rendered it unreasonably dangerous to those affected by its use.

6

WHEREFORE, Peter F. Lange and Cindy Lange, Plaintiffs herein, demand judgment from and against Defendant Verona Marble Company, Inc. or, alternatively, against Defendants Braxton-Bragg Company, LLC and Abaco Machines USA, Inc., jointly and severally, for their damages as may be assessed by the jury, which damages as to each exceed the minimum amount required for jurisdiction of United States District Courts; and that they recover their costs herein.

PETER F. LANGE AND CINDY LANGE

Plaintiffs

BY:  H. DAVID BLAIR        #65004
     Attorney at Law
     P. O. Box 2135
     Batesville, Arkansas 72503
     870-793-8350

_____
H. David Blair


## DEMAND FOR JURY TRIAL

Come Peter F. Lange and Cindy Lange, Plaintiffs herein, and, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demand right of trial by jury as to all issues so triable.

PETER F. LANGE AND CINDY LANGE

Plaintiffs

By: _____
    H. David Blair

7

## CERTIFICATE OF SERVICE

Comes H. David Blair, Attorney at Law, 500 East Main, Batesville, Arkansas, attorney for Peter F. Lange and Cindy Lange, Plaintiffs herein, and states that he has on this ___ day of October, 2008, served a copy of the foregoing instrument upon the attorney of record herein by depositing a copy of same in the United States Mails, with sufficient postage prepaid, addressed to the following:

> Amy C. Markham
> Law Offices of Scott C. Campbell
> The Travelers Indemnity Company
> Office of Staff Counsel
> 10810 Executive Center Drive, Suite 215
> Little Rock, Arkansas 72211
> **ATTORNEY FOR VERONA MARBLE COMPANY, INC.**

H. David Blair

8



CERTIFIED MAIL

BLAIR & STROUD
ATTORNEYS AT LAW
500 EAST MAIN • SUITE 201
P.O. BOX 2135
BATESVILLE, ARKANSAS 72503

7004 1350 0002 5682 9983

U.S. POSTAGE
PAID
BATESVILLE, AR
72501
OCT 14 '08
AMOUNT
$0.00
00952206-05

RETURN RECEIPT
REQUESTED

UNITED STATES
POSTAL SERVICE

PITNEY BOWES

U.S. POSTAGE
1030
2387 $ 05.490 OCT 14 2008
2914 MAILED FROM ZIP CODE   72501
P B 3 5 3 3 5 0 4

Corporation Service Company
Agent for Service of Process of Braxton-Bragg Company, LLC
2908 Poston Avenue
Nashville, Tennessee 37203

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS

PETER F. LANGE and CINDY LANGE      *1:08CV0058*            PLAINTIFFS

V.                                  NO. CV-2008-85 **FILED**
                                                   Office of the
VERONA MARBLE COMPANY, INC.;                       Circuit Clerk
BRAXTON-BRAGG COMPANY, LLC;
and ABACO MACHINES USA, INC.                       NOV 1 3 2008    DEFENDANTS

                                                   Fulton County
                                                   Arkansas
## ANSWER OF SEPARATE DEFENDANT,
## BRAXTON-BRAGG COMPANY, LLC TO AMENDED COMPLAINT

Comes separate defendant, Braxton-Bragg Company, LLC, and for its answer to the amended complaint of plaintiffs, states:

1.

It is without sufficient information as to the allegations contained within paragraph 1 of the amended complaint and, therefore, those allegations are denied.

2.

The allegations contained within paragraph 2 of the amended complaint do not apply to this defendant and, therefore, no response is required.  To the extent the allegations contained within this paragraph can be construed against this defendant, those allegations are denied.

3.

It admits it is the successor to the liabilities of Braxton-Bragg Corporation by reason of Articles of Merger dated January 29, 2008, and filed with the Tennessee Secretary of State on or about



EXHIBIT
B

January 31, 2008.   It denies the remaining allegations contained within paragraph 3 of the amended complaint.

4.

It admits it is a foreign limited liability company and that Abaco is a foreign corporation.   It denies the remaining allegations contained within paragraph 4 of the amended complaint.

5.

The allegations contained within paragraph 5 of the amended complaint do not apply to this defendant and, therefore, no response is required.   To the extent the allegations contained within this paragraph can be construed against this defendant, those allegations are denied.

6.

It admits it is engaged in the business of selling, distributing, and supplying certain tools and appliances for use with stone-building materials.   It admits it sells, distributes, or otherwise supplies items manufactured by Abaco.   It is without sufficient information as to the remaining allegations contained within paragraph 6 of the amended complaint and, therefore, those allegations are denied.

7.

The allegations contained within paragraph 7 of the amended complaint do not apply to this defendant and, therefore, no response is required.   To the extent the allegations contained

2

within this paragraph can be construed against this defendant, those allegations are denied.

## 8.

It is without sufficient information as to the allegations contained within paragraph 8 of the amended complaint and, therefore, those allegations are denied.

## 9.

It is without sufficient information as to the allegations contained within paragraph 9 of the amended complaint and, therefore, those allegations are denied.

## 10.

It is without sufficient information as to the allegations contained within paragraph 10 of the amended complaint and, therefore, those allegations are denied.

## 11.

It denies the allegations contained within paragraph 11 and subparagraphs (a) through (f) of paragraph 11 of the amended complaint.

## 12.

It is without sufficient information as to the allegations contained within paragraph 12 of the amended complaint and, therefore, those allegations are denied.

**13.**

It is without sufficient information as to the allegations contained within paragraph 13 of the amended complaint and, therefore, those allegations are denied.

**14.**

It incorporates herein by reference its responses to paragraphs 1 through 13 of the amended complaint as if set out word for word.

**15.**

The allegations contained within paragraph 15 and subparagraphs (a) through (c) of paragraph 15 of the amended complaint do not apply to this defendant and, therefore, no response is required. To the extent the allegations can be construed against this defendant, those allegations are denied.

**16.**

The allegations contained within paragraph 16 of the amended complaint do not apply to this defendant and, therefore, no response is required. To the extent the allegations contained within this paragraph can be construed against this defendant, those allegations are denied.

**17.**

It incorporates herein by reference its responses to paragraphs 1 through 16 of the amended complaint as if set out word for word.

18.

It denies the allegations contained within paragraph 18 of the amended complaint.

19.

It is without sufficient information as to the allegations contained within paragraph 19 of the amended complaint and, therefore, those allegations are denied.

20.

It is without sufficient information as to the allegations contained within paragraph 20 of the amended complaint and, therefore, those allegations are denied.

21.

It denies the allegations contained within paragraph 21 of the amended complaint.

22.

It denies plaintiffs are entitled to the relief requested in the WHEREFORE clause of the amended complaint.

23.

It denies each and every allegation not specifically admitted herein.

24.

It requests a trial by jury of all factual issues.

25.

It affirmatively asserts the amended complaint should be dismissed pursuant to Rule 12(b)(2) of the Arkansas Rules of Civil Procedure for lack of personal jurisdiction.

26.

It affirmatively asserts the amended complaint should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure for failure to state facts or a claim for which relief can be granted.

27.

It affirmatively asserts any damages sustained by plaintiffs were caused by the failure of separate plaintiff, Peter F. Lange, or others beyond the control of this defendant, to exercise reasonable care under the circumstances.

28.

It affirmatively asserts any and all defenses contained within the Arkansas Product Liability Act of 1979, as amended.

29.

Without alleging fault on the part of any other defendant, should there be a finding of fault on the part of this defendant, there should be an apportionment among all parties found to be at fault. Furthermore, this defendant should have contribution and/or indemnity against such other parties found to be at fault as afforded by the Arkansas Uniform Contribution Among Joint Tortfeasors Act and the Civil Justice Reform Act of 2003.

## 30.

It reserves the right to amend its answer and plead further in this case.

WHEREFORE, separate defendant, Braxton-Bragg Company, LLC, prays that the amended complaint of plaintiffs be dismissed, for its costs herein expended, and for all other just and proper relief to which it may be entitled.

ANDERSON, MURPHY & HOPKINS, L.L.P.
400 West Capitol Avenue, Suite 2470
Little Rock, Arkansas  72201
501-372-1887

By: _____
     SCOTT D. PROVENCHER
     BAR NO. 96148


## CERTIFICATE OF SERVICE

A copy of the foregoing answer of separate defendant, Braxton-Bragg Company, LLC, to amended complaint has been mailed to **Mr. H. David Blair**, Blair & Stroud, 500 East Main, Suite 201, Post Office Box 2135, Batesville, Arkansas 72503, **Ms. Amy C. Markham**, Law Offices of Scott C. Campbell, The Travelers Indemnity Company, Office of Staff Counsel, 10810 Executive Center Drive, Suite 215, Little Rock, Arkansas 72211, and **Mr. Richard A. Lusby**, Womack, Landis, Phelps, McNeill & McDaniel, 301 West Washington Avenue, 2nd Floor, Post Office Box 3077, Jonesboro, Arkansas 72401-3077, on this ___ day of November, 2008.

_____
     SCOTT D. PROVENCHER

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND          )
CINDY LANGE                 )
                            )                    1:08CV0058
        Plaintiffs          )
                            )
VS.                         )          NO. CV-2008- 85-4
                            )
VERONA MARBLE COMPANY, INC.; )
BRAXTON-BRAGG CORPORATION;  )          **FILED**
AND ABACO MACHINES USA, INC., )        Office of the
                            )          Circuit Clerk
        Defendants          )
                            )          SEP 0 8 2008
                            )
                                       Fulton County
                                       Arkansas

## COMPLAINT

Come Peter F. Lange and Cindy Lange, Plaintiffs herein, and for their

claims against Verona Marble Company, Inc. (hereinafter referred to as "Verona"),

Braxton-Bragg Corporation (hereinafter referred to as "Braxton"), and Abaco Machines

USA, Inc. (hereinafter referred to as "Abaco"), Defendants herein, state:

    1.  Plaintiffs were, at the time of the occurrence described herein,

residents of Fulton County, Arkansas.  Plaintiffs' claims arise out of personal injuries

sustained by Plaintiff Peter F. Lange in an occurrence within the State of Arkansas.

Venue of this action is conferred by Ark. Code Ann. § 16-55-213(a)(3)(A).

    2.  Defendant Verona is a foreign corporation qualified to do, and is doing,

business in the State of Arkansas and is subject to the personal jurisdiction of this

court.

    3.  Defendants Braxton and Abaco are foreign corporations who have

caused tortious injury within the State of Arkansas by reason of products supplied for



**EXHIBIT**

C

use and consumption within the State of Arkansas, both of which are subject to the personal jurisdiction of this court by reason of the claims of Plaintiffs herein.

4. Defendant Verona is engaged in the business of machining, finishing and selling marble products for use within residential and commercial building construction. Defendant Verona delivers the products which it sells to its customers by trucks which are operated by employees of Defendant Verona. The truck driver herein identified as Omar was, at the time of the occurrence described herein, an employee of Defendant Verona acting within the scope of his employment, for whose negligence Defendant Verona is liable.

5. Defendant Braxton is engaged in the business of selling, distributing or otherwise supplying various tools and appliances for use in the stone building materials including material-handling products manufactured, sold or otherwise distributed by Defendant Abaco. The lifting device was sold and shipped by Defendant Braxton to Plaintiff Peter F. Lange d/b/a Lange Marble & Granite at its place of business in Mountain Home, Arkansas, which device was purchased by Peter F. Lange for use in a granite retail business which was a venture involving Peter F. Lange and CBERG Construction LLC. (hereinafter referred to as "CBERG").

6. Defendant Abaco is engaged in the business of manufacturing, selling or otherwise distributing various material-handling products including the lifting device hereinafter described.

7. On the 23rd day of May, 2007, Defendant Verona delivered to CBERG's place of business at 1541 Highway 201 in Mountain Home, Arkansas, a load of finished granite slabs which were transported by Defendant Verona by means of a truck and trailer. The truck and trailer were operated by an employee of Defendant

2

Verona known to Plaintiff Peter F. Lange as Omar. Upon arrival at the CBERG place of business, the process of unloading the slabs was commenced, which process involved the use of a forklift by means of which the slabs were lifted from Verona's trailer and transferred to a rack where they were to be stored. Affixed to the forklift was a device known as an Abaco heavy-duty lifter which is a clamp-type device designed and configurated so that the weight of the object being lifted is transferred to the jaws of the clamp thereby providing gripping pressure whereby the granite slabs may be lifted.

8. During the unloading process, above described, Verona's employee, Omar, was on the bed of the trailer affixing the lifting device to the individual granite slabs. During the time of the placement and positioning of the lifting device on the slabs, the lifting device was within the exclusive control of Verona's employee, Omar.

9. At the time of the process described herein, four or five of the granite slabs were successfully moved from the trailer and placed in the rack by the forklift operator. When the fifth or sixth slab was being moved into a position to be lowered into the rack, it slipped from the clamp, which Omar had affixed to and positioned upon the slab, and fell a distance of several feet into the rack. The resultant impact caused the previously unloaded granite slabs, which were resting against one side of the rack at an angle, to topple over in the direction opposite that which they were leaning. At this time, Plaintiff was standing near the rack and, in an attempt to prevent damage to the granite slabs, attempted to stop their movement but was unable to do so, as a consequence of which the slabs fell on his right foot causing multiple open fractures of bones in his foot and related injury to tissues of the foot.

10. As a direct result of the occurrence described herein, Plaintiff Peter F. Lange has sustained painful, permanent, and disabling injury to his right foot. As a

3

consequence of these injuries, he has necessarily required hospital, surgical and other medical services. As a direct result of this occurrence, Plaintiff Peter F. Lange has sustained the following elements of damage, all of which were proximately caused by the fault of Defendants as hereinafter described:

(a) Past and future pain, suffering and mental anguish;

(b) Past and future hospital, surgical and other medical expenses;

(c) Loss of earnings in the past;

(d) Loss or impairment of future earning capacity;

(e) Permanent injury and disability;

(f) Scars and other visible results of his injury.

11. Plaintiff has, by reason of the occurrence herein described, sustained damages in excess of the minimum amount required for diversity of citizenship suits in United States District Courts.

12. Plaintiff Cindy Lange is, and was at all times mentioned herein, the wife of Plaintiff Peter F. Lange. By reason of the injuries sustained by her husband, she has in the past and will in the future be deprived of the loss of his society, companionship and consortium and has, as a consequence thereof, sustained damages in excess of the minimum amount required for jurisdiction of United States District Courts in diversity of citizenship cases.

## COUNT I

13. Plaintiffs incorporate herein as a part of Count I, by reference thereto, the foregoing allegations of paragraphs 1 through 12.

4

14.  The occurrence described herein and all damages sustained by Plaintiffs were proximately caused by the negligence of Defendant Verona, which negligence consists of, but is not limited to, the following acts and omissions:

(a) Failure to properly position the Abaco lifting device upon the granite slab being unloaded;

(b) Failure to affix the lifting device in the proper position and manner upon the granite slab so as to enable it to be safely lifted and handled;

(c) Failure to ascertain that the lifting device was properly positioned and affixed to the granite slab before giving instructions or signals to the forklift operator to commence the transfer process.

15.  The occurrence described herein and injuries sustained by Peter F. Lange, and the damages sustained by Plaintiffs, were caused by the failure of the Abaco lifting device to maintain sufficient pressure on the granite slap to prevent it from slipping from the clamp. At all times when the Abaco lifting device was being positioned, and affixed to the granite slab, it was under the exclusive control of Defendant Verona. In the ordinary course of events, the granite slab would not have escaped from the lifting device had it been properly positioned and affixed thereto. Therefore, pursuant to the doctrine of *res ipsa loquitur*, negligence on the part of Verona may be inferred from the failure of the clamp to retain the granite slab.

## COUNT II

16.  Plaintiffs incorporate herein as a part of Count II, by reference thereto, the foregoing allegations of paragraphs 1 through 12.

5

17. The allegations of Count II are stated in the alternative to allegations of Count I.

18. The Abaco lifting device was manufactured by Defendant Abaco and was sold and distributed or otherwise supplied by Defendants Braxton and Abaco, all of which was done in the regular course of their business. At the time of the occurrence described herein, the Abaco lifting device was in the same condition as when manufactured, sold or otherwise distributed by Defendants Braxton and Abaco.

19. The Abaco lifting device was so designed that, if properly constructed and assembled, it would provide sufficient pressure upon the granite slab, to which it was affixed at the time of this occurrence, to retain the granite slab during the moving process. The failure of the Abaco lifting device to perform as designed and intended gives rise to an inference of a defect in its manufacture or assembly, which defect rendered it unreasonably dangerous to those affected by its use.

20. The occurrence described herein and the injuries to Plaintiff Peter F. Lange and the consequent damages of Plaintiffs were proximately caused by the defective condition of the Abaco lifting device which rendered it unreasonably dangerous to those affected by its use.

WHEREFORE, Peter F. Lange and Cindy Lange, Plaintiffs herein, demand judgment from and against Defendant Verona Marble Company, Inc. or, alternatively, against Defendants Braxton-Bragg Corporation and Abaco Machines USA, Inc., jointly and severally, for their damages as may be assessed by the jury, which damages as to each exceed the minimum amount required for jurisdiction of United States District Courts; and that they recover their costs herein.

6

PETER F. LANGE AND CINDY LANGE

Plaintiffs

BY: H. DAVID BLAIR        #85004
Attorney at Law
P. O. Box 2135
Batesville, Arkansas 72503
870-793-8350

_H. David Blair_

## DEMAND FOR JURY TRIAL

Come Peter F. Lange and Cindy Lange, Plaintiffs herein, and, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demand right of trial by jury as to all issues so triable.

PETER F. LANGE AND CINDY LANGE

Plaintiffs

BY: H. DAVID BLAIR        #85004
Attorney at Law
P. O. Box 2135
Batesville, Arkansas 72503
870-793-8350

_H. David Blair_

7

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

## FILING INFORMATION

County: __Fulton__   District: _____   Docket Number: CV-2008- __85-4__

Judge: __Weaver__   Division: __Civil__   Filing Date: __9/8/08__

Plaintiffs: __Peter P. Lange and Cindy Lange__   Defendants: __Verona Marble Company, Inc.; Braxton-Bragg Corporation; and Abaco Machines USA, Inc.__

Attorney Providing Information: __H. David Blair__

■ Plaintiff   □ Defendant   □ Intervenor   P. O. Box 2135, Batesville, Arkansas 72503  Address

Litigant, If Pro Se: _____

Address _____

Related Case(s): Judge _____   Case Number(s) _____

**Type of Case:**

| Torts | Equity | Miscellaneous |
|---|---|---|
| □ (NM) Negligence: Motor Vehicle | □ (FC) Foreclosure | □ (CD) Condemnation |
| ■ (NO) Negligence: Other | □ (QT) Quiet Title | □ (RE) Replevin |
| □ (BF) Bad Faith | □ (IJ) Injunction | □ (DJ) Declaratory Judgment |
| □ (FR) Fraud | □ (PT) Partition | □ (UD) Unlawful Detainer |
| ☑ (MP) Malpractice | □ (OT) Other _____ | □ (IN) Incorporation |
| □ (PL) Product Liability | | □ (EL) Election |
| □ (OD) Other _____ | | □ (FJ) Foreign Judgment |
| **Contracts** | | □ (WT) Writs _____ |
| □ (IS) Insurance | | □ (AA) Administrative Appeal |
| □ (DO) Debt: Open Account | | □ (CF) Property Forfeiture |
| □ (PN) Debt: Promissory Note | | □ (RD) Remove Disabilities |
| □ (EM) Employment | | □ (NC) Name Change |
| □ (OC) Other _____ | | □ (OM) Other _____ |

Jury Trial Requested: ■Yes  □No   Manner of Filing: ■ Original  □ Re-open  □ Transfer
□ Return from Federal/Bankruptcy Court

## DISPOSITION INFORMATION

Disposition Date: _____   □ Bench Trial   □ Non-Trial   □ Jury Trial

| Judgment Type: | Dismissal Type: | Other: | |
|---|---|---|---|
| □ (DJ) Default Judgment | | | |
| □ (SJ) Summary Judgment | □ (DW) Dismissed with Prejudice | □ (TR) | Transferred to Another Jurisdiction |
| □ (CJ) Consent Judgment | □ (DN) Dismissed without Prejudice | □ (RB) | Removed to Bankruptcy Court |
| □ (TJ) Trial Judgment | | □ (RF) | Removed to Federal Court |
| □ (OJ) Other Judgment | | □ (AR) | Arbitration |
| □ (PG) Petition Granted | | | |
| □ (PD) Petition Denied | | | |
| □ (DF) Decree of Foreclosure | | | |

Judgment For:

□ Plaintiff   □ Defendant   □ Both   Judgment Amount $_____

Clerk's Signature _____   Date _____

AOC 23   10-01   Send 1 paper or electronic copy to AOC upon filing
625 Marshall Street   Send 1 paper or electronic copy to AOC upon disposition
Little Rock, AR 72201   Keep original in Court file.

Effective 1-1-2002

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND )
CINDY LANGE )
)
Plaintiffs )
)
VS. )          NO. CV-2008-85-4
)
VERONA MARBLE COMPANY, INC.; )
BRAXTON-BRAGG CORPORATION; )
AND ABACO MACHINES USA, INC., )
)
Defendants )

**FILED**
Office of the
Circuit Clerk

SEP 2 5 2008

Fulton County
Arkansas

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS )
) SS.
COUNTY OF INDEPENDENCE )

Comes H. David Blair, affiant, who, after being duly sworn, states under

oath as follows:

Summons for Verona Marble Company, Inc., one of the Defendants

herein, together with a true copy of the Complaint was served on Verona Marble

Company, Inc. on the 15th day of September, 2008, by certified United States Mail,

return receipt requested. Attached hereto collectively marked "Exhibit A" and

incorporated herein by reference thereto, are true copies of the Summons, served as

aforesaid, and the transmittal letter accompanying the Summons together with the

return receipt signed by its agent.

DATED this 24th day of September, 2008.

H. David Blair

SUBSCRIBED and SWORN to before me this 21 ᵗ ᵗ day of September, 2008.

Barbara Cheatham
Notary Public



My Commission Expires:

6-1-2011

2

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PLAINTIFFS    :    PETER F. LANGE AND CINDY LANGE

VS.                                     Docket No. CV-2008-85-4

DEFENDANTS :    VERONA MARBLE COMPANY, INC.; BRAXTON-BRAGG
                CORPORATION; AND ABACO MACHINES USA, INC.

### SUMMONS

ATTORNEY FOR PLAINTIFF:  H. David Blair
                        Attorney at Law
                        P. O. Box 2135
                        Batesville, Arkansas 72503
                        (870) 793-8350

THE STATE OF ARKANSAS TO DEFENDANT: **VERONA MARBLE COMPANY, INC.**

## NOTICE

1. You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.

2. The attached Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

   B. It must be filed in the court clerk's office within **30 days** from the day you were served with this summons.

3. If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4. Additional notices:

WITNESS my hand and seal of the court this _____8th_____ day of September, 2008.

Vickie Bishop
Circuit Clerk of Fulton County
P. O. Box 219
Salem, Arkansas 72576

By: _Vickie Bishop_

**BLAIR & STROUD**
ATTORNEYS AT LAW
500 EAST MAIN • SUITE 201
P.O. BOX 2135
BATESVILLE, ARKANSAS 72503

H. DAVID BLAIR
ROBERT D. STROUD
MICHELLE C. HUFF

TELEPHONE
(870) 793-8350

TELECOPIER
(870) 793-3989

WRITER'S DIRECT E-MAIL
hdb@blairlaw.com

September 10, 2008

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
NO. 7004 1350 0002 5882 9716**

The Corporation Company
Agent for Verona Marble Company, Inc.
124 West Capitol Avenue
Suite 1900
Little Rock, Arkansas 72201

Re:  Peter F. Lange and Cindy Lange v. Verona
Marble Company, Inc.; Braxton-Bragg
Corporation; and Abaco Machines USA, Inc.
Fulton County Circuit Court No. CV-2008-85-4

Gentlemen:

Please find enclosed herewith a Summons from the Circuit
Court of Fulton County, Arkansas, in the above-styled case, together with
a copy of the Complaint filed therein against Verona Marble Company,
service of process

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND           )
CINDY LANGE                  )
                             )
        Plaintiffs           )
                             )
VS.                          )          NO. CV-2008-85-4
                             )
VERONA MARBLE COMPANY, INC.; )
BRAXTON-BRAGG CORPORATION;   )
AND ABACO MACHINES USA, INC.,)
                             )          **FILED**
        Defendants           )          Office of the
                                        Circuit Clerk

                                        SEP 2 5 2008

        **AFFIDAVIT OF SERVICE**         Fulton County
                                         Arkansas

STATE OF ARKANSAS      )
                       ) SS.
COUNTY OF INDEPENDENCE )

        Comes H. David Blair, affiant, who, after being duly sworn, states under

oath as follows:

        Summons for Abaco Machines USA, Inc., one of the Defendants herein,

together with a true copy of the Complaint was served on Abaco Machines USA, Inc. on

the 15th day of September, 2008, by certified United States Mail, return receipt

requested, restricted delivery. Attached hereto collectively marked "Exhibit A" and

incorporated herein by reference thereto, are true copies of the Summons, served as

aforesaid, and the transmittal letter accompanying the Summons together with the

return receipt signed by its agent.

        DATED this _____ day of September, 2008.

                                        H. David Blair

SUBSCRIBED and SWORN to before me this 21th day of September, 2008.



Notary Public

My Commission Expires:

6-1-2011

2

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PLAINTIFFS : PETER F. LANGE AND CINDY LANGE

VS.                           Docket No. CV-2008-85-4

DEFENDANTS : VERONA MARBLE COMPANY, INC.; BRAXTON-BRAGG
CORPORATION; AND ABACO MACHINES USA, INC.

## SUMMONS

ATTORNEY FOR PLAINTIFF:  H. David Blair
Attorney at Law
P. O. Box 2135
Batesville, Arkansas 72503
(870) 793-8350

## THE STATE OF ARKANSAS TO DEFENDANT: Abaco Machines USA, Inc.

## NOTICE

1. You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Complaint.

2. The attached Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the Complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

   B. It must be filed in the court clerk's office within 30 days from the day you were served with this summons.

3. If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4. Additional notices:

WITNESS my hand and seal of the court this ___8th___ day of September, 2008.

Vickie Bishop
Circuit Clerk of Fulton County
P. O. Box 219
Salem, Arkansas 72576

By: _Vickie Bishop_

OFFICIAL
SEAL

**BLAIR & STROUD**
ATTORNEYS AT LAW
500 EAST MAIN • SUITE 201
P.O. BOX 2135
BATESVILLE, ARKANSAS 72503

H. DAVID BLAIR
ROBERT D. STROUD
MICHELLE C. HUFF

TELEPHONE
(870) 793-8350

TELECOPIER
(870) 793-3989

WRITER'S DIRECT E-MAIL
hdb@blairlaw.com

September 11, 2008

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED, RESTRICTED
DELIVERY, NO. 7004 1350 0002 5882 9730

Mr. Tuyen To
Agent for Abaco Machines USA, Inc.
20224 South Normandie Avenue
Torrance, California 90502

Re: Peter F. Lange and Cindy Lange v. Verona
Marble Company, Inc.; Braxton-Bragg
Corporation; and Abaco Machines USA, Inc.
Fulton County Circuit Court No. CV-2008-85-4

Dear Mr. To:

Please find enclosed herewith a Summons from the Circuit
Court of Fulton County, Arkansas, in the above styled case, together with
[...] Machines USA, Inc.,
[...] ce of process of



SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Tuyen To
Agent for Abaco Machines
USA, Inc.
20224 South Normandie Ave.
Torrance, CA  90502

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Courtesy_ ☐ Agent ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
Courtesy Tate  9/15/08
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☒ Yes

2. Article Number
(Transfer from service label)   7004 1350 0002 5882 9730

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND CINDY LANGE    *1:08CV0058*    **PLAINTIFFS**

vs.                              No. CV 2008-85-4    **FILED**
                                          **OFFICE OF THE**
                                          **FULTON COUNTY CLERK**

VERONA MARBLE COMPANY, INC.;
BRAXTON-BRAGG CORPORATION;
AND ABACO MACHINES USA, INC.      Dated 9-30-08   **DEFENDANTS**
                                       *Vickie Bishop, Clerk*

### ANSWER

COMES NOW Separate Defendant, Verona Marble Company, Inc., by and through its attorneys, Law Offices of Scott C. Campbell, and for its Answer, respectfully states as follows:

1.    Separate Defendant, Verona Marble Company, Inc., (hereafter "Verona Marble") is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint, and therefore, denies same.

2.    Admits the allegation contained in Paragraph 2 of Plaintiffs' Complaint.

3.    Admits the allegation contained in Paragraph 3 of Plaintiffs' Complaint.

4.    Verona Marble admits that it is engaged in the business of selling marble products and that it delivers the products which it sells to its customers by trucks operated by its employees. Verona Marble admits that it employed an individual by the name of Omar and that at the time of the occurrence described in Plaintiffs' Complaint Omar was acting within the scope of his employment. Verona Marble denies all remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.    Verona Marble is without sufficient knowledge, information or belief to admit or deny the allegation contained in Paragraphs 5 and 6 of Plaintiffs' Complaint, and therefore, denies same.

6.    Admits the allegation contained in Paragraph 7 of Plaintiffs' Complaint.

7.    Denies the allegation described in Paragraph 8 of Plaintiffs' Complaint and demands strict proof.

8.    Denies the allegation described in Paragraph 9 of Plaintiffs' Complaint and demands strict proof.

9.    Denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint,

including subparts a, b, c, d, e and f, and demands strict proof.

    10.    Denies the allegation contained in Paragraph 11 of Plaintiffs' Complaint and demands strict proof.

    11.    Denies the allegation contained in Paragraph 12 of Plaintiffs' Complaint and demands strict proof.

    12.    Denies the allegation contained in Paragraph 14 of Plaintiffs' Complaint, including subparts a, b and c, and demands strict proof.

    13.    Denies the allegation contained in Paragraph 15 of Plaintiffs' Complaint, and demands strict proof.

    14.    Paragraphs 18, 19 and 20 of Plaintiffs' Complaint require no response from Verona Marble; however, to the extent said Paragraphs could be construed to require a response from Verona Marble all allegations in Paragraphs 18, 19 and 20 are hereby denied.

    15.    Defendant joins in Plaintiffs' request for a trial by jury.

    16.    Denies that Plaintiffs are entitled to the relief requested in their prayer for relief or to any relief whatsoever from Verona Marble under any theories of liability asserted in the Complaint or that are hereinafter asserted in additional or amended pleadings.

    17.    Denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

    18.    Specifically denies that Verona Marble is guilty of any fault, negligence, or other conduct that proximately caused the alleged damages sought to be recovered by the Plaintiffs in this cause of action.

    19.    Affirmatively pleads that the Plaintiffs have failed to state facts upon which relief can be granted against Verona Marble, and Verona Marble is entitled to a dismissal of Plaintiffs' cause of action pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

    20.    Plaintiffs' claims are barred in whole or in part as much as Verona Marble has breached no legally recognized duty or obligation owed to the Plaintiffs.

2

21. Affirmatively pleads that any alleged damages sustained by the Plaintiffs were proximately caused by the fault or other conduct of the individual operating the forklift at the time of the accident giving rise to Plaintiffs' Complaint over whom Verona Marble has no control and for whom Verona Marble has no liability or responsibility in this cause of action.

22. Affirmatively pleads the defenses of waiver, set-off, estoppel and latches.

23. Plaintiffs' claims should be reduced by their comparative fault.

24. Plaintiffs' claims are barred because the comparative fault of the Plaintiffs is equal to or greater than any fault of Verona Marble.

19. Defendant reserves the right to file an amended answer, including the right to assert additional affirmative defenses or other pleadings pending additional investigation and discovery.

20. Verona Marble specifically pleads the Civil Justice Reform Act of 2003 in all respects and specifically as it relates to joint and several liability.

21. Verona Marble joins in Plaintiffs' request for a trial by jury.

WHEREFORE, Separate Defendant, Verona Marble Company, Inc., prays that the Plaintiffs' Complaint be dismissed, for its costs, attorney's fees, and all proper relief to which it may be entitled.

Respectfully Submitted,

Law Offices of Scott C. Campbell
The Travelers Indemnity Company
Office of Staff Counsel
10810 Executive Center Drive, Suite 215
Little Rock, Arkansas 72211
(501) 223-6800
Fax No. (501) 223-6802

3

By: _Amy C. Markham_
Amy C. Markham (2003204)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has caused to be delivered, via U.S. Mail, first class delivery, on the following this the 30th day of September 2008:

Mr. H. David Blair
Attorney at Law
P.O. Box 2135
Batesville, AR 72503

Amy C. Markham

4

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND                    )
CINDY LANGE                           )
                                      )
         Plaintiffs                   )
                                      )        *1:08CV0058*
VS.                                   )        NO. CV-2008-85ö4
                                      )
VERONA MARBLE COMPANY, INC.;          )        FILED
BRAXTON-BRAGG CORPORATION;            )        Office of the
AND ABACO MACHINES USA, INC.,         )        Circuit Clerk
                                      )
         Defendants                   )        OCT 0 3 2008
                                               Fulton County
                                               Arkansas

## PLAINTIFFS' OBJECTIONS TO DISCOVERY REQUESTS
## OF DEFENDANT VERONA MARBLE COMPANY, INC.

Come Peter F. Lange and Cindy Lange, Plaintiffs herein, and who hereby interpose their objections to certain discovery requests propounded to them by Defendant Verona Marble Company, Inc. The requests to which an objection is interposed and the bases thereof are as follows:

**INTERROGATORY NO. 19:** If you, your attorneys or other representatives have any form of statement from any witness or party to the incident or to events preceding or following the incident, please state for each such statement:

(a) The name, address and telephone number of the person making the statement;

(b) The name, address and telephone number of the person who obtained the statement;

(c) The date of each such statement;

(d) The form of the statement;

(e) The name, address and telephone number of the person who has possession of each such statement.

**OBJECTION:** Plaintiffs object to this interrogatory upon the basis that statements taken by Plaintiffs or their attorneys or representatives in anticipation of litigation or preparation for trial constitute trial preparation materials which are excluded from the scope of discovery by Rule 26(b)(3), Ark. R. Civ. P., absent a showing of substantial need, as defined therein, which showing has not been made here. Plaintiffs further object to this interrogatory upon the basis that persons from whom Plaintiffs' attorneys have elected to take statements reflect the attorneys' mental processes and therefore constitute attorney work product which is privileged and therefore beyond the scope of discovery as defined by Rule 26, Ark. R. Civ. P.

**INTERROGATORY NO. 21:** Are you, your attorneys or representatives aware of any photographs taken of the scene of the accident or any of the parts, devices or machines involved? If so, please state:

(a) The name and address of the person taking such photographs;

(b) The date such photographs were taken;

(c) The subject of such photographs;

(d) Who presently has custody of such photographs.

**OBJECTION:** Plaintiffs object to this interrogatory to the extent it seeks discovery of photographs taken by Plaintiffs, their attorneys or representatives in anticipation of litigation or preparation for trial on the grounds that such photographs constitute trial preparation materials which are excluded from the scope of discovery by

2

Rule 26(b)(3), Ark. R. Civ. P., absent a showing of substantial need, which showing has not been made here.

Plaintiffs further object to this interrogatory upon the grounds that identification of photographs, and the subject thereof, which Plaintiffs' attorneys have elected to cause to be made, necessarily reflect the attorneys' mental processes and therefore constitute attorney work product which is privileged and therefore beyond discovery as defined by Rule 26, Ark. R. Civ. P.

**INTERROGATORY NO. 23:** If any video impressions have been taken by you or by anyone else on your behalf in connection with this case, please state:

(a) The name, address and telephone number of the person or persons who took the videos;

(b) The date the videos were taken;

(c) The number of videos taken;

(d) What each video depicts and the subject of each video;

(e) The name, address and telephone number of the person who has possession of the videos.

**OBJECTION:** Plaintiffs object to this interrogatory upon the same basis as stated in their objections to Interrogatory No. 21 above, which objections are incorporated herein by reference thereto.

**INTERROGATORY NO. 24:** Have any persons made any statements, written or otherwise, while being interviewed or questioned by you or in your behalf, in connection with the occurrence herein? If so, for each statement indicate:

3

(a) The name, address, place of employment and
relationship to you, if any, of the maker;

(b) Date of making;

(c) The maker's telephone number;

(d) Whether written or oral and whether signed or
unsigned;

(e) The person who took the statement;

(f) The names, addresses and telephone numbers of
all persons present at the time the statement was made;

(g) The name, address and telephone number of the
person having present custody and control of such
statements if written or recorded.

**OBJECTION:**   Plaintiffs object to this interrogatory upon the same basis
stated with respect to their objections to Interrogatory No. 21 above, which objections
are incorporated herein by reference thereto.

**INTERROGATORY NO. 25:**   State the name, address, telephone
number, and areas of expertise of every person who has been consulted or employed
by you or anyone acting on your behalf as an expert in any way regarding this accident,
your injuries, damages and/or any issue pertaining to this lawsuit, and to each such
person, state the date, as best you can, when such person was first consulted or
employed.

**OBJECTION:**   Plaintiffs object to this interrogatory upon the grounds that
it includes, within its scope, information as to experts retained or specially employed by
Plaintiffs or their attorneys, in anticipation of litigation or preparation for trial but who are

4

not expected to be called as witnesses, discovery as to which is precluded by Rule

26(b)(4)(B), Ark. R. C. P., absent a showing of exceptional circumstances, as defined

herein, which showing has not been made here.

Plaintiffs further object to this interrogatory upon the basis that

identification of experts with whom Plaintiffs' attorneys have consulted reflect the

attorneys' mental processes and therefore constitutes attorney work product which is

privilege and therefore beyond the scope of discovery as defined by Rule 26, Ark. R.

Civ. P.

**INTERROGATORY NO. 26:**  As to each person who has been retained

or specially employed by the Plaintiffs as an expert in anticipation of litigation or

preparation for trial, but who is not expected to be called as a witness at trial, please

state:

(a) The name, address, telephone number,

profession or occupation and area of specialization, if any, of

each such expert;

(b) Whether any such expert has authored a written

report which has been submitted to the Plaintiffs or anyone

acting on behalf of the Plaintiffs and, if so, the name of the

expert who compiled the report and the date of each such

report.

**OBJECTION:**  Plaintiffs object to this interrogatory upon the same basis

as stated with respect to their objections to Interrogatory No. 25, which objections are

incorporated herein by reference thereto.

5

PETER F. LANGE AND CINDY LANGE

Plaintiffs

BY: H. DAVID BLAIR        #65004
    Attorney at Law
    P. O. Box 2135
    Batesville, Arkansas 72503
    870-793-8350

H. David Blair

## CERTIFICATE OF SERVICE

Comes H. David Blair, Attorney at Law, 500 East Main, Batesville,
Arkansas, attorney for Peter F. Lange and Cindy Lange, Plaintiffs herein, and states
that he has on this 2nd day of October 2008, served a copy of the foregoing
instrument upon the attorney of record herein by depositing a copy of same in the
United States Mails, with sufficient postage prepaid, addressed to the following:

        Amy C. Markham
        Law Offices of Scott C. Campbell
        The Travelers Indemnity Company
        Office of Staff Counsel
        10810 Executive Center Drive, Suite 215
        Little Rock, Arkansas 72211
        **ATTORNEY FOR VERONA MARBLE COMPANY, INC.**

H. David Blair

6

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND CINDY LANGE          1:08CV0058          PLAINTIFFS
                                                  FILED
         vs.                        No. CV 2008-85-4

VERONA MARBLE COMPANY, INC.;                      OCT 2 4 2008
BRAXTON-BRAGG CORPORATION;
AND ABACO MACHINES USA, INC.          Fulton County          DEFENDANTS
                                       Arkansas

## ANSWER TO AMENDED COMPLAINT

COMES NOW Separate Defendant Verona Marble Company, Inc. by and through its attorneys, Law Offices of Scott C. Campbell, and for its Answer to Plaintiffs' Amended Complaint, respectfully states as follows:

1.      Separate Defendant Verona Marble Company, Inc. (hereafter "Verona Marble") is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2.      Admits the allegation contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3.      Verona Marble is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4.      Paragraph 4 of Plaintiffs' Amended Complaint is not directed to Verona Marble, and therefore, requires no response from this Defendant. To the extent this paragraph could be construed to require a response from Verona Marble, it is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5.      Verona Marble admits that it is engaged in the business of selling marble products and that it delivers the products which it sells to its customers by trucks operated by its employees. Verona Marble admits that it employed an individual by the name of Omar and that at the time of the occurrence described in Plaintiffs' Amended Complaint Omar was acting within the scope of his employment. Verona Marble denies all remaining allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint.

6.      Paragraphs 6 and 7 of Plaintiffs' Amended Complaint is not directed to this

Verona Marble, and therefore, requires no response from said Defendant.  To the extent this paragraph could be construed to require a response from Verona Marble, it is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraphs 6 and 7 of Plaintiffs' Amended Complaint.

7.    Admits the allegation contained in Paragraph 8 of Plaintiffs' Amended Complaint.

8.    Denies the allegation described in Paragraph 9 of Plaintiffs' Amended Complaint and demands strict proof.

9.    Denies the allegation described in Paragraph 10 of Plaintiffs' Amended Complaint and demands strict proof.

10.    Denies that Plaintiffs suffered injuries and damages to the extend alleged in Paragraphs 11, including subparts a, b, c, d, e and f; 12; and 13 of Plaintiffs' Amended Complaint, and demands strict proof.  Further, Verona Marble denies that any damages or injuries Plaintiffs did sustain were proximately caused by any fault of Verona Mable, said allegation of fault again being specifically denied.

11.    With respect to Paragraph 14 of Plaintiffs' Amended Complaint, Verona Marble incorporates herein its responses to the allegations set forth in Paragraphs 1 through 13 of Plaintiffs' Amended Complaint.

12.    Denies the allegation contained in Paragraph 15, including subparts (a), (b), and (c), of Plaintiffs' Amended Complaint and demands strict proof.

13.    Verona Marble admits that the Abaco lifting device did not maintain sufficient pressure on the granite slab to prevent it from slipping from the clamp.  Verona Marble denied each and every remaining allegation contained in Paragraph 16 of Plaintiffs' Amended Complaint.

14.    With respect to Paragraph 17 of Plaintiffs' Amended Complaint, Verona Marble incorporates herein its responses to the allegations set forth in Paragraphs 1 through 13 of Plaintiffs' Amended Complaint.

15.    Paragraph 18 of Plaintiffs' Amended Complaint does not contain allegations directed to Verona Marble, and therefore, requires no response.

16.    Paragraphs 19, 20, and 21 of Plaintiffs' Amended Complaint are not directed to

this Defendant, and therefore, requires no response from Verona Marble. To the extent this paragraph could be construed to allege or imply negligence, fault or liability on the part of Verona Marble, said paragraphs are denied.

17.     Defendant joins in Plaintiffs' request for a trial by jury.

18.     Denies that Plaintiffs are entitled to the relief requested in their prayer for relief or to any relief whatsoever from Verona Marble under any theories of liability asserted in the Amended Complaint or that are hereinafter asserted in additional or amended pleadings.

19.     Denies each and every allegation in Plaintiffs' Amended Complaint not specifically admitted herein.

20.     Specifically denies that Verona Marble is guilty of any fault, negligence, or other conduct that proximately caused the alleged damages sought to be recovered by the Plaintiffs in this cause of action.

21.     Affirmatively pleads that the Plaintiffs have failed to state facts upon which relief can be granted against Verona Marble, and Verona Marble is entitled to a dismissal of Plaintiffs' cause of action pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

22.     Plaintiffs' claims are barred in whole or in part as much as Verona Marble has breached no legally recognized duty or obligation owed to the Plaintiffs.

23.     Affirmatively pleads that any alleged damages sustained by the Plaintiffs were proximately caused by the fault or other conduct of the individual operating the forklift at the time of the accident giving rise to Plaintiffs' Amended Complaint over whom Verona Marble has no control and for whom Verona Marble has no liability or responsibility in this cause of action.

24.     Affirmatively pleads the defenses of waiver, set-off, estoppel and latches.

25.     Plaintiffs' claims should be reduced by their comparative fault.

3

26.    Plaintiffs' claims are barred because the comparative fault of the Plaintiffs is equal to or greater than any fault of Verona Marble.

27.    Defendant reserves the right to file an amended answer, including the right to assert additional affirmative defenses or other pleadings pending additional investigation and discovery.

28.    Verona Marble specifically pleads the Civil Justice Reform Act of 2003, as amended, A.C.A. §16-55-201, et seq., in all respects.

WHEREFORE, Separate Defendant Verona Marble Company, Inc. prays that the Plaintiffs' Amended Complaint be dismissed, for its costs, attorney's fees, and all proper relief to which it may be entitled.

Respectfully Submitted,

Law Offices of Scott C. Campbell
The Travelers Indemnity Company
Office of Staff Counsel
10810 Executive Center Drive, Suite 215
Little Rock, Arkansas 72211
(501) 223-6800
Fax No. (501) 223-6802

By: _____
Amy C. Markham (2003204)

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has caused to be delivered, via U.S. Mail, first class delivery, on the following this the 24th day of October 2008:

Mr. H. David Blair
Attorney at Law
P.O. Box 2135
Batesville, AR 72503
*Attorney for Plaintiffs*

Mr. Richard Lusby
WOMACK, LANDIS, PHELPS, McNEIL & McDANIEL
P.O. Box 3077
Jonesboro, AR 72403
*Attorney for Abaco Machines USA, Inc.*

Amy C. Markham

5

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE and
CINDY LANGE                                                                     PLAINTIFF

1:08CV0058     **FILED**

v.                          NO. CIV-2008-85-4

                                            OCT 2 4 2008

VERONA MARBLE COMPANY,
INC; BRAXTON-BRAGG
COMPANY, LLC; and ABACO                      Fulton County
MACHINES USA, INC.                            Arkansas

                                                                              DEFENDANTS

## ANSWER OF SEPARATE DEFENDANT ABACO MACHINES USA, INC.

Comes now separate defendant Abaco Machines USA, Inc. by and through its attorneys Womack, Landis, Phelps & McNeill, P.A. and for its answer to plaintiffs' amended complaint states:

1. This defendant denies each and every material allegation of the Complaint and Amended Complaint of plaintiff except as hereinafter specifically admitted.

2. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraphs 1, 2 and 3 of the amended complaint.

3. To the extent the allegations of paragraph 4 are directed at this defendant and therefore require a response, this defendant admits that it is a foreign limited liability company. The remaining allegations of paragraph 4 with respect to this defendant are denied.

4. This defendant states that paragraphs 5 and 6 are not directed at this defendant and therefore require no response from said defendant. To the extent these paragraphs require a response of this defendant it states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5 and 6.

5. This defendant admits the allegations of paragraph 7 of the amended complaint.

6. This defendant states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8, 9 and 10 of the amended complaint. To the extent paragraphs 8, 9 and 10 allege or imply negligence, fault or liability on the part of this defendant, said paragraphs 8, 9 and 10 are specifically denied.

7. This defendant denies that plaintiffs suffered injuries and damages to the extent alleged in paragraphs 11, 12, and 13, including their subparts. Further, this defendant denies that any damages or injuries plaintiffs did sustain were proximately caused by any fault of this defendant, said allegation of fault again being specifically denied.

8. With respect to paragraph 14 of plaintiffs' amended complaint, this defendant incorporates herein its responses to the allegations set forth in paragraphs 1 through 13 of the amended complaint.

9. This defendant states that paragraphs 15 and 16 are directed toward defendant Verona Marble Company, Inc. and not this defendant, and therefore require no response from this defendant. To the extent paragraphs 15 and 16 can be interpreted to allege or imply negligence, fault or liability on the part of this defendant, said paragraphs are denied.

10. With respect to paragraph 17 of the amended complaint, this defendant incorporates its responses to the allegations of paragraphs 1 through 13 of the amended complaint.

11. Paragraph 18 of the amended complaint contains no allegations directed to this defendant and therefore requires no response.

12. This defendant admits that it manufactures an Abaco lifting device. This defendant states it is without knowledge or information sufficient to form a belief as to the condition of the

2

device at the time of the occurrence described in the amended complaint. The remaining allegations of paragraph 19 are specifically denied to the extent they state or imply negligence, fault, or liability on the part of this defendant.

13. This defendant denies that the Abaco lifting device was defective or unreasonably dangerous to those affected by its use. All other allegations in paragraph 20 of the amended complaint are denied to the extent that they state or imply negligence, fault or liability on the part of this defendant.

14. This defendant denies the allegations of paragraph 21 of the amended complaint.

15. This defendant specifically pleads all defenses available to it under the Arkansas Product Liability Act of 1979, as amended, A.C.A. §16-116-101, et seq., as well as any and all other provisions of Arkansas law which may be applicable to plaintiffs' causes of action.

16. This defendant specifically pleads all defenses available to it pursuant to Rule 12(b) of the Arkansas Rules of Civil Procedure including failure to state facts upon which relief can be granted.

17. This defendant specifically pleads all defenses available to it pursuant to Rule 8(c) of the Arkansas Rules of Civil Procedure.

18. This defendant affirmatively pleads all defenses available to it under the Arkansas Civil Justice Reform Act of 2003, as amended, A.C.A. §16-55-201, et seq., to the extent applicable.

19. This defendant states that any injuries or damages sustained by the plaintiffs were wholly or partially caused by the fault of others for whom this defendant has no responsibility or legal liability. Pursuant to A.C.A. §16-55-202, this defendant is entitled to have the percentage

3

of fault of any such entities assessed and this defendant's liability for any verdict awarded plaintiffs reduced or eliminated to the extent of the fault of said entities.

20. This defendant affirmatively pleads that any injuries or damages sustained by plaintiffs proximately resulted from the fault of plaintiff Peter Lange and his failure to take ordinary care for his own safety. Said fault of Lange is plead in bar or diminution of plaintiffs' right to recover damages.

21. This defendant affirmatively states that any product it manufactured that is in issue in this case was not defective or unreasonably dangerous when it left the control of this defendant. Defendant states that any defect or unreasonably dangerous condition to the extent it did develop would have resulted from unforeseeable alteration, change, improper maintenance or improper use after it left the control of this defendant.

22. This defendant reserves the right to plead further upon investigation including any additional affirmative defenses as may become available or apparent during the discovery of this case.

WHEREFORE, defendant Abaco Machines USA, Inc. prays that plaintiffs' amended complaint and complaint be dismissed; that they take nothing thereon; that this defendant be allowed to plead further upon additional investigation; and for all other proper relief to which it may be entitled.

4

Richard Lusby, Bar No. 78100
WOMACK, LANDIS, PHELPS,
 McNEILL & McDANIEL
P. O. Box 3077
Jonesboro, Arkansas 72403
(870) 932-0900

by _____
   Attorneys for Defendant,
   Abaco Machines USA, Inc.

## DEMAND FOR TRIAL BY JURY

This defendant demands a trial by jury of all issues herein.

Respectfully submitted,

Richard Lusby (Bar No. 78100)
WOMACK, LANDIS, PHELPS,
 McNEILL & McDANIEL
P. O. Box 3077
Jonesboro, Arkansas 72403
(870) 932-0900

by _____
   Attorneys for Defendant,
   Abaco Machines USA, Inc.

5

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing pleading was made by mailing a copy of same to the following attorneys of record on this 24th day of October, 2008:

Mr. H. David Blair
P. O. Box 2135
Batesville, Arkansas 72503
*Attorney for Plaintiffs*

Ms. Amy C. Markham
Law Offices of Scott C. Campbell
The Travelers Indemnity Company
Office of Staff Counsel
10810 Executive Center Drive, Suite 215
Little Rock, Arkansas 72211
*Attorney for Verona Marble Company, Inc.*

_____
Richard Lusby

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND )
CINDY LANGE )
) 
Plaintiffs )
)
VS. )          NO. CV-2008-85-4
)
VERONA MARBLE COMPANY, INC.; )
BRAXTON-BRAGG COMPANY, LLC; )
AND ABACO MACHINES USA, INC., )
)
Defendants )

FILED
Office of the
Circuit Clerk

OCT 2 4 2008

Fulton County
Arkansas

## CERTIFICATE OF SERVICE BY MAIL

I, H. David Blair, do hereby certify that on the 23rd day of October, 2008, I have served **Plaintiff's Responses to Discovery Requests of Defendant Verona Marble Company, Inc.** upon the attorney named below by depositing the same, properly addressed and sufficient postage affixed thereto, in the United States Mails on this 23rd day of October, 2008:

> Ms. Amy C. Markham
> Law Offices of Scott Campbell
> The Travelers Indemnity Company
> Office of Staff Counsel
> 10810 Executive Center Drive, Suite 215
> Little Rock, Arkansas 72211

H. David Blair

IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
CIVIL DIVISION

PETER F. LANGE AND )
CINDY LANGE )
)
Plaintiffs )
)
VS. )        NO. CV-2008-85-4
)
VERONA MARBLE COMPANY, INC.; )
BRAXTON-BRAGG COMPANY, LLC; )
AND ABACO MACHINES USA, INC., )
)
Defendants )

FILED
OCT 2 4 2008

Fulton County
Arkansas

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS )
) SS.
COUNTY OF INDEPENDENCE )

      Comes H. David Blair, affiant, who, after being duly sworn, states under oath as follows:

      Summons for Braxton-Bragg Company, LLC, one of the Defendants herein, together with a true copy of the Complaint were served on Braxton-Bragg Company, LLC on the 16th day of October, 2008, by certified United States Mail, return receipt requested. Attached hereto collectively marked "Exhibit A" and incorporated herein by reference thereto, are true copies of the Summons, served as aforesaid, and the transmittal letter accompanying the Summons together with the return receipt signed by its agent.

      DATED this 22nd day of October, 2008.

H. David Blair

SUBSCRIBED and SWORN to before me this 22 day of October 2008.



Barbara Cheatham
Notary Public

My Commission Expires:

10-1-2011

2

## IN THE CIRCUIT COURT OF FULTON COUNTY, ARKANSAS
## CIVIL DIVISION

PLAINTIFFS  :   PETER F. LANGE AND CINDY LANGE

VS.                          Docket No. CV-2008-85-4

DEFENDANTS :   VERONA MARBLE COMPANY, INC.; BRAXTON-BRAGG
                    COMPANY, LLC; AND ABACO MACHINES USA, INC.

## S U M M O N S

ATTORNEY FOR PLAINTIFF:  H. David Blair
                          Attorney at Law
                          P. O. Box 2135
                          Batesville, Arkansas 72503
                          (870) 793-8350

**THE STATE OF ARKANSAS TO DEFENDANT: BRAXTON-BRAGG COMPANY, LLC
(Agent for Service: Corporation Service Company, 2908 Poston Avenue,
Nashville, Tennessee 37203)**

## N O T I C E

1.  You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached Amended Complaint.

2.  The attached Amended Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the Amended Complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

    A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

    B.  It must be filed in the court clerk's office within 30 days from the day you were served with this summons.

3.  If you desire to be represented by an attorney, you should immediately contact your attorney so that an answer can be filed for you within the time allowed.

4.  Additional notices:

WITNESS my hand and seal of the court this _8th_ day of October, 2008.

                              Vickie Bishop
                              Circuit Clerk of Fulton County
                              P. O. Box 219
                              Salem, Arkansas 72576

**EXHIBIT A**

                              By: Vickie Bishop

VICKIE BISHOP
OFFICIAL
SEAL

**BLAIR & STROUD**
ATTORNEYS AT LAW
500 EAST MAIN • SUITE 201
P.O. BOX 2135
BATESVILLE, ARKANSAS 72503

TELEPHONE
(870) 793-8350

TELECOPIER
(870) 793-3989

H. DAVID BLAIR
ROBERT D. STROUD
MICHELLE C. HUFF

WRITER'S DIRECT E-MAIL
hdb@blairlaw.com

October 14, 2008

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**NO. 7004 1350 0002 5882 9983**

Corporation Service Company
Agent for Service of Process of Braxton-Bragg Company, LLC
2908 Poston Avenue
Nashville, Tennessee 37203

Re: Peter F. Lange and Cindy Lange v. Verona
Marble Company, Inc.; Braxton-Bragg
Company, LLC; and Abaco Machines USA, Inc.
Fulton County Circuit Court No. CV-2008-85-4

... s from the Circuit
... ase, together with
... Braxton-Bragg
... agent for service

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
Agent for Service of Process
of Braxton-Bragg
Company, LLC
2908 Poston Avenue
Nashville, TN 37203

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent / ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7004 1350 0002 5882 9983

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

HDB/bc

Enclosures